**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THEODORE JACKSON, | ) | CASE NO. 1:13-CV-1326 |
| | ) | |
| Petitioner, | ) | JUDGE GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE VECCHIARELLI |
| | ) | |
| BRIGHAM SLOANE, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |
| | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2).

Before the court is the petition of Theodore Jackson ("Petitioner") for a writ of habeas

corpus filed pursuant to 28 U.S.C. § 2254.  Petitioner is in the custody of the Ohio

Department of Rehabilitation and Correction pursuant to journal entry of sentence in the

case of *State of Ohio vs. Jackson*, Case No. CR-09-527856 (Cuyahoga County July 9,

2010).  (Doc. No. 24-1 at Ex. 1.)  For the reasons set forth below, it is recommended

that: (1) to the extent that Petitioner challenges convictions other than his 2010

conviction for attempted escape, Petitioner's second, third, fifth, seventh, ninth, tenth,

twelfth, thirteenth and eighteenth grounds for relief should be dismissed without

prejudice to his filing separate § 2254 petitions challenging those convictions; (2) to the

extent that Petitioner challenges state officials' calculation of his remaining terms of

parole and indefinite sentences after each of his prior convictions, Petitioner's second,

third, fifth, seventh, ninth, tenth, eleventh, twelfth, thirteenth and eighteenth grounds for

relief should be dismissed with prejudice as not cognizable on habeas review;

(3) Petitioner's first, sixth, fourteenth and fifteenth grounds for relief should be

dismissed with prejudice as not cognizable on habeas review because they allege

errors of state law related to his 2010 conviction for attempted escape; (4) Petitioner's eighth and sixteenth grounds for relief should be dismissed as without merit; and (5) Petitioner's motions: (a) for an evidentiary hearing (doc. no. 26); (b) to amend his motion for an evidentiary hearing (doc. no. 28); (c) to supplement the record (doc. no. 29); and (d) for leave to expand the record and for discovery (doc. no. 35) should all be denied.

## I. Overview and Relevant Factual Contentions

The facts asserted in support of Petitioner's grounds for relief in this § 2254 petition are essential to understanding the context of Petitioner's claims.   The record reflects – and the parties do not dispute – that Petitioner has numerous convictions in the state of Ohio, dating from as early in 1978, several of which resulted in sentences that included terms of parole or supervised release.  In June 2009, Annessa Slater, a Cleveland parole officer, filed a case information form alleging that Petitioner had violated his parole by failing to appear at a hearing.  In August 2009, a Cuyahoga County grand jury issued an indictment charging Petitioner with escape.  In December 2009, Petitioner was arrested on the escape charge.  In March 2010, Petitioner pleaded guilty to attempted escape and the state trial court imposed a 16-month term of community control.  In July 2010, after Petitioner violated the terms of his community control by testing positive for narcotics, he was sentenced to a one-year term of imprisonment.  Petitioner contends that he was not advised of his right to appeal this sentence.

The gist of Petitioner's claims is that, for multiple reasons, he was not validly under parole supervision or supervised release in June 2009, and, thus, he could not

be guilty of escape.  Petitioner's habeas petition, which numbers 48 pages and consists of 195 paragraphs, can be construed to allege several distinct circumstances out of which his claims arise.  One set of allegations concerns sentences imposed in Petitioner's various convictions between 1978 and 2001.  Essentially, Petitioner concedes that, in 1978, he was convicted in two separate cases in state court (for receiving stolen property and aggravated robbery) and sentenced to indefinite terms of imprisonment of one to five years and four to 25 years, to be served concurrently with one another.  (Doc. No. 1 at 21.)[1]   Petitioner admits that he subsequently was convicted in at least three other state court criminal cases in 1981 (receiving stolen property), another in 1988 (receiving stolen property -motor vehicle), and two cases in 2001 (kidnaping, aggravated robbery, felonious assault, escape).  (*Id*. at 21-22, 23, 24.) However, Petitioner argues that, for various reasons, the judgment entries in those subsequent cases are void.[2]  Petitioner reasons that, because the judgment entries in his  1981, 1987 and 2001 criminal cases were void, these sentences did not serve to "stop or toll the sentence and parole granted" in the 1978 cases.  (Doc. No. 1 at 21.) Thus, Petitioner argues that his 1978 sentence never stopped running because his

---

[1] Attached to the petition are two documents that purport to be journal entries in the relevant cases and, to the extent that these documents are genuine, they confirm Petitioner's contention.  (Doc. No. 1-4 at 2-3.)

[2] Specifically, Petitioner contends that one judgment entry is void because the state trial court judge did not sign it.  Petitioner states that the unsigned journal entry is attached to his petition as exhibit A-3.  After a thorough review of Petitioner's various filings in this matter, however, this Court was not able to locate any Exhibit A.  With respect to the other judgment entries, Petitioner contends that these entries did not contain "mandatory" language either requiring that the sentences run "consecutive to parole violation," or imposing mandatory terms of post release control.  (Doc. No. 1 at 22, 23, 25.)

3

subsequent convictions were void and invalid.  Petitioner insists that, because the

maximum term for his 1978 sentences was 25 years, and because the sentences

"beg[a]n on Dec. 13, 1977," the maximum sentence expired "on or about Dec. 13,

2002."  (Doc. No. 1 at 21.)[3]  Additionally, Petitioner contends that state officials

unlawfully aggregated his maximum terms of imprisonment.  (*Id*. at 23, 24.)

Another set of allegations concerns Petitioner's release from prison in August

2007.  According to Petitioner, on August 31, 2007, he was released from prison and

required to serve only a one-year term of parole supervision.  (Doc. No. 1at 20; Ex. 1,

Doc. No. 1-4 at 1.)[4]  Petitioner reasons that, because his term of parole supervision was

only one year and because his maximum indefinite sentence from his 1978 conviction

had expired, he was not under supervision in 2009 when Ms. Slater alleged that he had

failed to appear for a supervised release violation hearing.  (Doc. No. 1 at 19.)

Petitioner contends that Ms. Slater "used false sworn mis-statements to obtain an

indictment from the County Prosecutor's office for escape."  (*Id*.) (emphasis removed).

Finally, Petitioner makes allegations related to his December 2009 arrest and

---

[3] Petitioner refers to several other convictions in his facts, including two in 2006.  His exhibits reflect that one of his 2006 convictions was for possession of drugs.  (Ex. A-8, Doc. No. 1-4 at 8.)

[4] In support of his contention that he was required to serve a one-year term of parole, Petitioner has attached to his habeas petition a copy of a document that purports to be from the Ohio Department of Rehabilitation and Correction ("DRC"), reflecting that, on August 31, 2007, he was released from prison after serving a nine-month term of imprisonment for possession of drugs.  (Doc. No. 1-4 at 1.)  The document reflects that Petitioner's one-year term of parole commenced on October 9, 2007.  (*Id*.)  In his habeas petition, Petitioner contends that this information is available on the internet at www.drc.state.oh.us/OffenderSearch/Details.aspx?id=A513915.  (Doc. No. 1 at 20.) However, that address does not connect to any page on the DRC site.  Further, a search for the inmate number that appears on the document returns no records.

March 2010 conviction.[5]  (*Id*.)  He explains that, after the trial court imposed a term of

community control, he failed a drug test and was arrested in July 2010 for violating the

terms of his community control.  (*Id*.)  In July 2010, the state trial court conducted a

hearing on Petitioner's violation of his community control.  (Doc. No. 31-1.)  The court

found that Petitioner had violated the terms of his community control, revoked the

community control, and imposed a one-year term of imprisonment.  *State v. Jackson*,

No. 98157, 2012 WL 6512968 (Ohio Ct. App. Dec. 13, 2012).   According to Petitioner,

he was not appointed counsel until "about five minutes before" the July 2010 hearing.

(Doc. No. 1 at 29.)  He also contends that the state trial court did not properly inform

him of his right to appeal from the term of imprisonment, and that his appointed counsel

never visited him in jail.  (*Id*. at 30.)  Petitioner did not file a direct appeal from his

conviction for attempted escape, or from the state trial court's imposition of a one-year

term of imprisonment

Although the trial court sentenced Petitioner to one year of imprisonment in July

2010, to date, Petitioner remains incarcerated.  A May 2011 letter from the Ohio

---

[5] Petitioner contends that, after his arrest for escape in 2009, he waived his right to a hearing on the parole violation because Ms. Slater promised him that she would not seek imprisonment on the violation and that he would receive probation.  (Doc. No. 1 at 29.) Throughout his briefing in his case, Petitioner refers to the March 2010 hearing as a "probation revocation hearing."   However, a review of the transcript of the hearing conducted on March 26, 2010 reflects that, on that date, Petitioner appeared before the state trial court in order to plead guilty to one count of attempted escape, not to a violation of his parole.  (Doc. No. 31-1.)  The state trial court did not consider the issue of whether Petitioner's parole supervision should be revoked as a result of the failure to appear that formed the basis for the original charge of escape; rather, the state trial court considered the appropriate sanction for the separate offense of attempted escape.  (*Id*.)  Accordingly, the March 2010 hearing was not a parole revocation hearing.  Petitioner claims that his parole was eventually revoked, without a hearing, in November 2010.  (Doc. No. 1 at 39.)

Department of Rehabilitation and Correction ("DRC") to the State's counsel in this case reflects that Petitioner's imprisonment continues beyond the one-year period imposed by the trial court in July 2010 because various trial courts sentenced Petitioner to indefinite sentences in his prior convictions.  (Doc. No. 24-1 at Ex. 39.)  According to the letter, Petitioner has been released to parole supervision on multiple occasions and, while on parole, the "maximum portion of his sentence [was] running."  (*Id*.)  However, each time Petitioner has been released on parole, he  eventually has been declared a parole violator at large, which causes the running of each of his maximum sentences to stop, requiring Petitioner to serve the remaining time of his maximum sentences once he returns to DRC custody. (*Id*.)  The letter reflects that, as a result of Petitioner's indefinite sentences and numerous subsequent parole violations, the maximum expiration of his sentences is currently August 27, 2039.  (*Id*.)

## II. Relevant State Procedural History

**A.    Motion for Leave to Withdraw Guilty Plea**[6]

**1.    Motion in Trial Court**

In February 2012, Petitioner, *pro se*, filed a motion for leave to withdraw his March 2010 guilty plea to attempted escape.  (Doc. No. 24-1 at Ex. 8.)  In the motion, Petitioner contended that, at the time of his "alleged escape" in June 2009, he was not actually under detention as required by Ohio Rev. Code § 2921.34(A)(1). (*Id*.)

---

[6] In January 2012, Petitioner, *pro se*, filed a motion to correct his sentence, in which he argued that the trial court violated his right to due process when it misadvised him regarding the consequences of violating his post release control requirements.  (Doc. No. 24-1 at Ex. 6.)  This motion is not relevant to any of Petitioner's claims in his § 2254 petition.

Specifically, Petitioner asserted that, in 2000, he had been "sentenced [to terms of imprisonment] on 1st [and] 2nd degree felonies, and when [Petitioner was subsequently] released from prison, [the Ohio Adult Parole Authority ("OAPA")] placed [Petitioner] on [five] years of post release control." (*Id*.)  Petitioner contended that the trial court did not properly impose a term of post release control as part of his sentence in 2000.  (*Id*.)  Thus, Petitioner reasoned, the post release control portion of his sentence was not valid and, accordingly, he was not "under detention" in June 2009, and, thus, was not guilty of escape.  (*Id*.)  In March 2012, the trial court denied Petitioner's motion via journal entry without explanation.  (Doc. No. 24-1 at Ex. 9.)

> **2.      Direct Appeal**

Thereafter, Petitioner, *pro se*, filed a notice of appeal to the state appellate court (doc. no. 24-1 at ex. 10), and, in his subsequent brief, argued that the trial court erred in denying his motion to withdraw his plea because Petitioner "was charged with escape from void sentences" (doc. no. 24-1 at Ex. 11).  In support of his brief, Petitioner attached the Case Information Form completed by Ms. Slater, which stated:

> On 9/1/05, the subject was released from prison after
> serving a 4.0 + 13.0 - 60.0 year prison term for escape (F2),
> kidnapping (F1), aggravated robbery (F1), felonious assault
> (F2) [and] RSP(F3) x2.  Upon release, he was given five (5)
> years of parole supervision.  On 6/3/09, the subject failed to
> report for an out of custody parole violation hearing as
> instructed.  On 6/10/09, his whereabouts were listed as
> unknown after attempts to locate him proved futile.  As of
> this writing, the subject has not contacted the APA in any
> manner and a fugitive warrant for his arrest is active.

(Doc. No. 24-1 at 108.)  In its brief, the State argued that, at the time of his June 2009 escape, Petitioner was under parole supervision because he had been released from

indefinite terms of imprisonment.  (Doc. No. 24-1 at Ex. 12.)

In December 2012, the state appellate court affirmed the trial court's decision, finding that the state trial court had not abused its discretion in denying Petitioner's motion to withdraw his guilty plea.  *Jackson*, 2012 WL 6512968.  Specifically, the court concluded that, at the time of his June 2009 escape, Petitioner was under OAPA supervision as a result of his indefinite sentences:

> It is clear from reviewing the documents attached to Jackson's motion to withdraw his plea, as well as his appellate brief, that the trial court did not properly advise Jackson in 2001 of the correct term of post release control. But it is also clear, according to the [case information form], that when Jackson was released from prison in 2005, *he was not placed on post release control pursuant to his 2001 sentence. Jackson was placed on parole supervision due to his release from an indefinite prison sentence.*
>
> Thus, based on the record before us, we find that Jackson did not meet his burden of establishing that a manifest injustice would occur if his guilty plea was allowed to stand.

*Id*. at *3 (emphasis added).  Petitioner subsequently moved for *en banc* consideration and reconsideration (doc. no. 24-1 at exs. 16-20), which the state appellate court denied in January 2013 (doc. no. 24-2 at exs. 21, 22.).

In February 2013, Petitioner filed a notice of appeal to the Ohio Supreme Court (doc. no. 24-2 at ex. 23), as well as a memorandum in support of jurisdiction (doc. no. 24-2 at ex. 24), in which he raised the following proposition of law:

> Where the certified evidence presented to the court below demonstrate[s] the common pleas court possessed no jurisdiction to accept guilty plea where previous sentences had expired, and parole of one year terminated and there is ambiguity in facts of record Appellant is denied his fundamental right to liberty where appeals court refuses to vacate void sentence of escape or at least order evidentiary

8

hearing in violation of his 1st, 5th, [and] 14th substantive and procedural due process rights to liberty guaranteed via U.S. Constitution.

(Doc. No. 24-2 at Ex. 24.).  In May 2013, the Ohio Supreme Court declined jurisdiction and dismissed Petitioner's appeal.  *State v. Jackson*, 986 N.E.2d 1023 (Table), 135 Ohio St.3d 1424 (Ohio 2013).  Petitioner filed a motion for reconsideration (doc. no. 24-2 at ex. 26), which the Ohio Supreme Court denied in June 2013.  *State v. Jackson*, 989 N.E.2d 1021 (Table), 136 Ohio St.3d 1406 (Ohio 2013).

**B.     Motion for Leave to File a Delayed Appeal**

In April 2012, while Petitioner's appeal of the trial court's decision denying his motion to withdraw his guilty plea was pending in the state appellate court, Petitioner, *pro se*, filed a motion for leave to file a delayed appeal from his July 2010 conviction in the appellate court.  (Doc. No. 24-2 at Ex. 28.)  Petitioner argued that he was entitled to a delayed appeal because: (1) at the time of his July 2010 hearing, during which the trial court imposed a one-year term of imprisonment, the trial court did not advise him of his appellate rights, as it was required to do because he was indigent; (2) he was deprived of the opportunity to consult with his counsel prior to sentencing because his counsel had been assigned shortly before sentencing; and (3) he could raise issues of "void post release control" and trial court jurisdiction at any time. (*Id*.)  In May 2012, the state appellate court denied Petitioner leave to file a delayed appeal.  (Doc. No. 24-2 at Ex. 31.)  Petitioner filed a motion for reconsideration and hearing *en banc* (doc. no. 24-2 at ex. 33), which the appellate court subsequently denied (doc. no. 24-2 at exs. 34, 35).

9

Thereafter, Petitioner filed a notice of appeal to the Ohio Supreme Court (doc. no. 24-2 at ex. 36), as well as a memorandum in support of jurisdiction, in which he raised the following proposition of law:

> The State of Ohio den[ies] Appellant the Fundamental Right to Appeal, where as here he's not advised by the Court he could request counsel for Appeal and transcripts at State expense and his waiver of trial counsel was not knowing or intelligent denying his Liberty without due process/equal protection.

(doc. no. 24-2 at ex. 37).  In September 2012, the Ohio Supreme Court declined jurisdiction and dismissed Petitioner's appeal.  (Doc. No. 24-2 at Ex. 38.)

### III. Proceedings in This Court

On June 14, 2013, Petitioner filed his § 2254 petition in this Court.  (Doc. No. 1.) He raises sixteen grounds for relief,[7] which are generally described below, and which are set forth in full in the Appendix attached to this Report and Recommendation.  After the State filed its Answer/Return of Writ (doc. no. 24), Petitioner filed motions: (1) for an evidentiary hearing; (2) to amend his motion for an evidentiary hearing; (3) to supplement the record; and (4) to expand the record and for discovery.  (doc. nos. 26, 28, 29, 33).

### IV. Procedural Issues

**A.      Jurisdiction**

A state prisoner may file a § 2254 petition in "the district court for the district wherein such person is in custody or in the district court for the district within which the

---

[7] The grounds for relief are numbered I through XVIII; however, he withdrew ground IV and did not include a seventeenth ground for relief in his petition.

10

State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d).  The

Court of Common Pleas of Cuyahoga County, Ohio sentenced Petitioner.  (Doc. No.

24-1 at Ex. 5.)  Cuyahoga County is within this Court's geographic jurisdiction.  *See* 28

U.S.C. § 115(a).  Accordingly, this Court has jurisdiction over Petitioner's § 2254

petition.

**B.    Grounds Attacking Prior Convictions/Parole and Sentencing Calculations**

The majority of Petitioner's grounds for relief address convictions other than his

2010 conviction for attempted escape, or contend that he should no longer be in

custody because his maximum sentence has expired.  In these grounds, Petitioner

argues that his continued imprisonment violates: double jeopardy (Ground Two); the

Fifth, Eighth and Fourteenth Amendments (Grounds Five and Seven); and due process,

equal protection and his "fundamental liberty" (Grounds Ten, Eleven, Twelve, Thirteen

and Eighteen).  Petitioner also asserts that, after he filed his motion to withdraw his

guilty plea, state officials altered his "master file" to reflect that the sentences imposed

in prior to 2000 were to be served consecutively, rather than concurrently, and that this

alteration violated the Ex Post Facto Clause  (Ground Three).  Finally, Petitioner

contends that the terms of his parole supervision were "void for vagueness"  (Ground

Nine).

Given Petitioner's arguments that various trial courts failed to properly impose

judgment in his prior criminal cases – such as by failing to include mandatory

sentencing language or by failing to sign the judgment entry – this Court construes

these grounds for relief to allege substantive constitutional challenges to Petitioner's

prior judgments of conviction.  The State contends that, to the extent that Petitioner

11

challenges convictions other than his 2010 conviction for attempted escape, which is the conviction listed on Petitioner's habeas petition as the "judgment of conviction you are challenging," these grounds for relief must be dismissed without prejudice to refiling pursuant to Rule 2(e) of the Rules Governing Section 2254 Cases.

Rule 2(e) prohibits a petitioner from challenging the judgments of multiple courts in a single habeas petition:

> A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court.

At least one court in this Circuit has applied Rule 2(e) in the context of a petition that challenges both a state and a federal judgment, and concluded that the appropriate procedure is to dismiss the petition without prejudice to the petitioner challenging the convictions in separate petitions. *Berry v. Rapelje*, No. 10-10026-BC, 2010 WL 2105140, *2 (E.D. Mich. May 25, 2010) (dismissing the petition because it was not clear whether the petitioner was challenging his federal conviction or his state court conviction); *see also Childress v. Booker*, No. 5:09-cv-14677, 2009 WL 4730451, *2 (E.D. Mich. Dec. 10, 2009) (dismissing the § 2254 petition pursuant to Rule 2(e) because it purported to attack a federal conviction but contained arguments attacking a state court conviction).  Courts in other circuits have applied the rule in the same context as this case – where the petitioner challenges separate state court judgments – and dismissed those grounds for relief that attack more than one of the judgments. *See, e.g*, *Thrasher v. Missouri*, No. 4:12CV01828NAB, 2012 WL 4936583, *1 (E.D. Mo. Oct. 17, 2012) (Under Rule 2(e), "petitioner may not seek to overturn both his 1982 and 1992 convictions in the same habeas petition. As a result, the Court will dismiss

12

petitioner's allegations regarding his 1992 conviction without prejudice."); *Gray v.*
*Swarthout*, No. CIV S-10-2463 JAM EFB P, 2011 WL 3875896 (.D. Cal. Sept. 1, 2011)
(concluding that the petitioner's § 2254 petition should be dismissed because it
challenged separate judgments from the same county court).

Here, it is recommended that those grounds for relief that attack convictions
other than Petitioner's 2010 conviction for attempted escape be dismissed.  To the
extent that Petitioner challenges the substantive merits of other convictions, the record,
which contains only documents related to the 2010 conviction, does not allow even the
most preliminary review to determine whether Petitioner properly exhausted his claims
for relief with respect to those convictions, or whether a § 2254 petition addressing
those convictions would be timely.  Further, given that Petitioner addresses numerous
other convictions in his petition, expanding the record to include information related to
those convictions would likely result in the production of voluminous documents whose
only connection is that they are related to Petitioner's numerous state court convictions.
These inefficiencies are likely the very problems that Rule 2(e) was intended to prevent.
Accordingly, it is recommended that Petitioner's second, third, fifth, seventh, ninth,
tenth, twelfth, thirteenth and eighteenth grounds for Relief, to the extent that they
challenge convictions other than his 2010 conviction for attempted escape, be
dismissed without prejudice to his filing separate § 2254 petitions challenging those
convictions.[8]

---

[8] Petitioner should be warned that the dismissal of those grounds for relief without
prejudice to their refiling does not constitute a determination that a § 2254 challenge to
those convictions is timely under 28 U.S.C. § 2244(d), that those grounds for relief are
properly exhausted, or that they otherwise have merit or give rise to cognizable § 2254

These grounds for relief, as well as ground eleven, can also be construed to challenge the calculation of the length of Petitioner's terms of parole, the computation of the aggregate length of his remaining indefinite terms of imprisonment after various subsequent convictions, and the voluntariness of his waiver of a parole revocation hearing after his March 2010 arrest.  For example, Petitioner contends that state officials altered his "master file" to reflect that some of his sentences were consecutive rather than concurrent, and that state officials unlawfully aggregated his maximum indefinite sentences.  Essentially, Petitioner alleges that state officials violated Ohio law – either accidentally or intentionally –  in determining the length of his remaining terms of parole and indefinite sentences after each of his convictions and in revoking his parole.  These arguments raise issues of state law that are not cognizable on habeas.[9] Pulley v. Harris, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law.")  Accordingly, to the extent that they challenge state officials' calculation of his remaining terms of parole and indefinite sentences after

_____

claims.

[9] The Supreme Court has consistently maintained that habeas review of state parole decisions is limited in scope.  This is because "there is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence." Swarthout v. Cook,        U.S.       , 131 S. Ct. 859, 862 (2011).  Rather, "the beginning and the end of [a] federal habeas court's inquiry into" a state prisoner's claim regarding parole is whether the prisoner received due process.  Id.  In this case, although Petitioner labels many of his grounds for relief as involving various constitutional provisions, he does not actually explain how the state officials denied him due process in arriving at their calculation of his terms of parole and maximum aggregate terms of imprisonment.  Rather, he insists that state officials violated state law in making these calculations.  Further, to the extent that Petitioner contends that he was denied due process with respect to the revocation of his parole, that ground for relief is not related to the 2010 conviction for attempted escape that is the subject of this § 2254 petition.

14

each of his convictions, Petitioner's second, third, fifth, seventh, ninth, tenth, eleventh, twelfth, thirteenth and eighteenth grounds for relief should be dismissed as not cognizable on habeas review.

## C. Remaining Claims

Petitioner's remaining grounds for relief – one, six, eight, fourteen, fifteen and sixteen – challenge his 2010 conviction for attempted escape.

### 1. Claims Not Cognizable on Habeas - Grounds One, Six, Fourteen and Fifteen

In his First and Sixth Grounds for Relief, Petitioner argues that, because he was not properly under parole supervision when he was charged with escape, the state trial court lacked subject matter jurisdiction to indict, convict and sentence him in 2010. In addition to being patently meritless – as a state trial court's subject matter jurisdiction does not depend on whether an accused is actually guilty of the relevant offense – this ground for relief raises a question of state law – whether the state trial court properly determined its own jurisdiction – that is not cognizable on habeas. *See Estelle v. McGuire, 502 U.s. 62, 67-68 (1991)* ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Wills v. Egler, 532 F.2d 1058, 1059 (6th Cir. 1976)* (*per curiam*) ("Determination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary.").

Petitioner's Fourteenth Ground for relief fails for similar reasons. In it, he asserts that the trial court abused its discretion in denying his motion to withdraw his guilty plea without first conducting a hearing. A state trial court's alleged abuse of discretion in

15

denying a motion, however, is not sufficient, on its own, to raise a constitutional claim.

*See* *Sinistaj v. Burt*, 66 F.3d 804, 807-808 (6th Cir. 1995) (denial of a motion to

withdraw a jury waiver does not raise a constitutional violation); *see also* *Weaver v.*

*Moore*, No. 1:06-cv-557, 2008 WL 697705, at *12 (S.D. Ohio March 12, 2008) ("[I]n the

absence of a constitutional violation in the taking of the plea, a trial court's abuse of

discretion in denying a subsequent motion to withdraw the plea does not trigger

constitutional concerns.").  Although Petitioner makes conclusory references to his

"fundamental rights" and the Fifth and Fourteenth Amendments, Petitioner does not

explain how the trial court's alleged abuse of discretion rises to the level of

constitutional error in this case.  Accordingly, Ground Fourteen raises an error of state

law that is not cognizable on habeas review.

Petitioner's Fifteenth Ground for Relief fails because it does not assert a

constitutional violation.  In it, Petitioner contends that the trial court violated his

constitutional rights when, with respect to his motion to withdraw his guilty plea, it

declined his requests for transcripts of proceedings in his prior state convictions.  To the

extent that Petitioner contends that this denial violated Ohio law, such a claim is not

cognizable on federal habeas review.  Further, Petitioner points to no authority – and

this Court is not aware of any – holding that a defendant has a constitutional right to

transcripts from prior criminal proceedings to support his request to withdraw his guilty

plea.  Accordingly, this ground for relief does not raise any claim that is cognizable on

habeas review.

For the foregoing reasons, Petitioner's first, sixth, fourteenth and fifteenth

grounds for relief should be dismissed.

## V. The Merits of Petitioner's Remaining Claims[10]

The Antiterrorism and Effective Death Penalty Act of 1996 ( "AEDPA") altered

the standard of review that a federal court must apply when deciding whether to grant a

writ of habeas corpus.  As amended, 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State court
> shall not be granted with respect to any claim that was
> adjudicated on the merits in State court proceedings unless
> the adjudication of the claim resulted in a decision that was
> contrary to, or involved an unreasonable application of,
> clearly established Federal law, as determined by the
> Supreme Court of the United States; or resulted in a
> decision that was based on an unreasonable determination
> of the facts in light of the evidence presented in the State

---

[10] The State contends that none of Petitioner's rounds for relief are exhausted and are procedurally defaulted and, therefore, are not available for habeas review.  The State's arguments with respect to the procedural errors in this matter, however, are vague and conclusory.  Although the lack of specific analysis of these issues is likely the result of the confusing nature of Petitioner's allegations and the repetitiousness of his claims, the State is reminded that, where it alleges that a petitioner's claims are either procedurally defaulted or untimely, the State should engage in a specific analysis with respect to each claim. Further, the remaining claims – eight and sixteen – are more appropriately addressed on non-procedural bases.  In his eighth ground for relief, Petitioner contends that he is actually innocent, an assertion that can be efficiently addressed by review of the record in this case, particularly in light of the unsettled state of the law with respect to whether free standing claims of actual innocence are cognizable on habeas review. In ground sixteen, Petitioner alleges that he was denied the right to appeal and to appellate counsel.  He raised these claims in his motion for a delayed appeal in the state appellate court.  The state appellate court denied the motion without explanation (doc. no. 24-2 at Ex. 31), and Petitioner appealed the denial of that motion to the Ohio Supreme Court, which declined jurisdiction (doc. no. 24-2 at Ex. 38).  "In the absence of any indication or state law procedural principles to the contrary," the state appellate court's summary denial of the motion for a delayed appeal is presumed to be an adjudication on the merits. *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 784-85 (2011); *see also Brown v. Bobby*, 656 F.3d 325, 328-29 (6th Cir. 2011) (explaining that in light of *Harrington*, "the mere fact that the Ohio Court of Appeals did not specifically explain that it was ruling on Brown's Sixth Amendment claims does not prevent this court from deferring to that court's opinion on habeas review.") Accordingly, Petitioner properly exhausted his sixteenth ground for relief, and, thus, it is not procedurally defaulted.

court proceeding.

A writ of habeas corpus may issue only if the state court's decision is contrary to clearly

established federal law or was based on an unreasonable determination of the facts in

light of the evidence.  *See* *Carey v. Musladin*, 549 U.S. 70 (2006); *Williams v. Taylor*,

529 U.S. 362, 379-90 (2000).  Law is "clearly established" only by holdings of the

Supreme Court, not its dicta, and the law must be clearly established at the time of the

petitioner's conviction.  *See* *Carey*, 549 U.S. at 74.

Courts must give independent meaning to the phrases "contrary to" and

"unreasonable application of" in § 2254(d)(1):

> Section 2254(d)(1) defines two categories of cases in which
> a state prisoner may obtain federal habeas relief with
> respect to a claim adjudicated on the merits in state court.
> Under the statute, a federal court may grant a writ of habeas
> corpus if the relevant state-court decision was either (1)
> "*contrary to* . . . clearly established Federal law, as
> determined by the Supreme Court of the United States," or
> (2) "*involved an unreasonable application of* . . . clearly
> established Federal law, as determined by the Supreme
> Court of the United States."

*Williams*, 529 U.S. at 404-05 (emphasis added by the quoting court).  A decision is

"contrary to" clearly established federal law if it reaches a conclusion opposite to that

reached by Supreme Court holdings on a question of law or if it faces a set of facts

materially indistinguishable from relevant Supreme Court precedent and still arrives at

an opposite result.  *Id.* at 405-06.   A decision involves an unreasonable application of

federal law only if the deciding court correctly identifies the legal principle at issue and

unreasonably applies it to the facts of the case at hand.  *See* *Wiggins v. Smith*, 539

U.S. 510, 520 (2003).  "In order for a federal court to find a state court's application of

18

[Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been objectively unreasonable."  *Id.* at 520-21 (internal citations and quotation marks omitted).  This Court applies this deferential standard of review to the state courts' rulings on Petitioner's remaining grounds for relief.

**A.      Ground Eight – Actual Innocence**

In his eighth ground for relief, Petitioner contends that he is actually innocent of the offense of attempted escape because – as a result of the numerous errors he alleges with respect to his prior convictions – he was not actually under parole supervision at the time of the attempted escape.  The federal courts have not decided whether a free standing claim of actual innocence – as opposed to one asserted to excuse procedural default – may entitle a petitioner to habeas relief.  *See Herrera v. Collins*, 506 U.S. 390, 404 (1993) (observing that "a claim of actual innocence is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits," while also discussing the possibility that such a claim may merit habeas relief in a capital case).  The Supreme Court, however, has concluded that, even if a free standing claim of actual innocence does merit habeas relief, "the threshold showing for such an assumed right would necessarily be extraordinarily high."  *Id.* at 417.

In this case, Petitioner's argument that he is actually innocent depends on his assertion that he was not actually under parole supervision in 2009 when he failed to appear at a violation hearing.  The state appellate court considered this issue and, after

19

reviewing information related to Petitioner's sentences, determined that, at the time of the violation, Petitioner was under parole supervision because he had been released from an indefinite term of imprisonment.  *Jackson*, 2012 WL 6512968 at *3.  Absent clear and convincing evidence otherwise, this factual determination is entitled to a presumption of correctness.  *McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004).  Although Petitioner attaches a voluminous amount of evidence to support his argument on this issue, none of that evidence is sufficient to rebut the presumption of correctness.  Rather, Petitioner's arguments related to his evidence in support are conclusory, ambiguous, and unsupported by case law.  His evidence is not sufficient to undermine the state court's conclusion that he was actually under parole supervision at the time of his June 2009 escape attempt and, thus, it is not sufficient to meet the "extraordinarily high" standard for establishing actual innocence in this context.  Petitioner's eighth ground for relief should be dismissed.

**B.     Ground Sixteen - Right to Appeal**

In his sixteenth ground for relief, Petitioner contends that he was deprived of his right to appeal and to appellate counsel because the trial court failed to advise him of those rights.  A review of the transcripts of the March 2010 hearing at which Petitioner pleaded guilty to attempted escape and the July 2010 hearing at which the trial court revoked Petitioner's community control and imposed a one-year term of imprisonment reflects that the state trial court failed to advise Petitioner of his right to appeal with the assistance of counsel.  (Doc. No. 31-1.)   The State argues that, even if Petitioner was not advised of his right to appeal from his 2010 conviction for attempted escape, because he had exercised that right in his prior criminal cases, that failure did not

violate Petitioner's constitutional rights.  The State's argument is well taken.

It is well established that, where a defendant is aware of his right to appeal,  a trial court's failure to advise him of that right does not constitute a violation of the defendant's fundamental rights.  For example, the Sixth Circuit has held that "the Constitution is violated if a convicted defendant is denied an appeal '*by reason of his lack of knowledge of his right* and the failure of his counsel or the court to advise him of his right to appeal with the aid of counsel.'" *Jacobs v. Mohr*, 265 F.3d 407, 419 (6th Cir. 2001) (quoting *Goodwin v. Cardwell*, 432 F.2d 521, 522-23 (6th Cir. 1970)) (emphasis added).  The Supreme Court, considering the issue in the context of § 2255, held "a district court's failure to advise the defendant of his right to appeal does not entitle him to habeas relief if he knew of his right and hence suffered no prejudice from the omission." *Peguero v. United States*, 526 U.S. 23, 24 (1999); *see also Wolfe v. Randle*, 267 F. Supp. 2d 743, 748 (S.D. Ohio 2003) ("[A] defendant cannot base a claim based on the court's failure to inform him of his appellate rights if he has personal knowledge of these rights.") (citing *Peguero*, 526 U.S. at 29-30).

Petitioner contends that he would have appealed from his 2010 conviction if he had been advised of his right to do so with the assistance of counsel.  The State contends that Petitioner "coyly complains" that he was not informed of his right.  The State notes that, on multiple occasions in his prior criminal cases, Petitioner exercised his right to appeal with the assistance of counsel.  Essentially, the State argues that his prior appeals are sufficient to demonstrate that Petitioner was, indeed, aware of his right to appeal when he was convicted in 2010.  A review of Ohio cases reflects that, in

at least two of the criminal cases mentioned in by Petitioner in his habeas petition, Petitioner exercised his right to a direct appeal.  For example, the decision in *State v. Jackson*, No. 80299, 2002 WL 1265577 (Ohio App. Ct. June 6, 2002), arose out of Petitioner's convictions in Cuyahoga County case numbers 397205 and 395790, each of which are referenced in Petitioner's petition (doc. no. 1 at 26).[11]  In that case, Petitioner, through counsel, appealed from his guilty plea to kidnaping, aggravated robbery and felonious assault in one criminal case, and to escape in the second.  2002 WL 1265577 at * 1.  When the state appellate court affirmed Petitioner's convictions, he appealed to the Ohio Supreme Court, which declined jurisdiction.  *State v. Jackson*, 783 N.E.2d 520 (Table), 98 Ohio St.3d 1462 (Ohio 2003).  Similarly, in *State v. Jackson*, No. 46251, 1983 WL 4782, *1 (Ohio App. Ct. Sept. 29, 1983) – in which Petitioner appealed from the trial court's denial of his post-conviction petition – the state appellate court noted that Petitioner "had the benefit of appointed counsel on two occasions prior to the instant appeal – for his trial and subsequently for his direct appeal."   That case arose out of Petitioner's conviction after a jury trial in Cuyahoga County case number CR-162099 (referenced at page 23 of doc. no. 1).  In sum, Petitioner has exercised his right to appeal, and did so with the assistance of counsel, on at least two occasions prior to 2010.  Accordingly, he cannot reasonably argue that he was ignorant of his rights when he pleaded guilty to attempted escape in March 2010, or when the state trial court imposed a one-year term of imprisonment in July

---

[11] Because Petitioner lists these criminal cases as part of his prior state criminal court proceedings, there is no dispute that Petitioner is the defendant in each of these prior criminal cases.

2010.  Thus, Petitioner cannot show that he was prejudiced by the state trial court's failure to advise him of his appellate rights, and Petitioner's sixteenth ground for relief should be dismissed with prejudice.

## VI. Motions

### A.      Motions for Discovery and for an Evidentiary Hearing/Motion to Amend

In November 2013, after briefing in this matter was complete, Petitioner filed a motion for evidentiary hearing.  (Doc. No. 26.)  In that motion, Petitioner requests an evidentiary hearing where he can present evidence related to the calculation of his parole and the aggregate length of his remaining indefinite terms of imprisonment.  He contends that he is entitled to the hearing in this Court because he has been denied redress of this issue in state court.  After the State filed a response arguing that the motion for an evidentiary hearing lacked merit, Petitioner filed a motion to amend his motion for an evidentiary hearing (doc. no. 28), in which he reiterates his claims that he was not under parole supervision in June 2009, and contends that the state trial court improperly denied him access to his "master file," which he would have used to demonstrate that the state officials improperly calculated his terms of parole and the length of his remaining indefinite terms of imprisonment.

In March 2014, Petitioner filed a motion for leave to introduce his "original master file" into evidence in these proceedings.  (Doc. No. 33.)  In the motion, he contends that the contents of his master file will assist him in demonstrating that he was not under parole supervision in 2009, when he allegedly escaped from parole supervision by failing to attend a hearing.  (*Id.*)

Petitioner's motions lack merit because he seeks an evidentiary hearing and the admission of evidence related to issues that are not cognizable on habeas.  As discussed *supra*, any claim that state officials miscalculated his terms of parole or imprisonment raise errors of state law that are not available for habeas review.  Accordingly, the motion for an evidentiary hearing (doc. no. 26), the motion to amend the motion for an evidentiary hearing (doc. no. 28), and the motion for leave to supplement the record with his master file (doc. no. 33) should be denied.

## B.    Motion to Supplement

In December 2013, Petitioner filed a motion for leave and motion to supplement the record, in which he seeks leave to supplement the record with: (1) a copy of his state court petition for habeas corpus; and (2) a copy of the state trial court decision dismissing the state habeas petition.  (Doc. No. 29.)  Plaintiff argues that these documents are necessary for him to respond to the State's argument that his claims are untimely and procedurally defaulted.  It is not necessary, however, to decide the merits of this motion.  This Report and Recommendation does not rely on the State's argument that the petition was untimely to dispose of any of Petitioner's claims.[12]  Accordingly, the motion to supplement should be denied.

---

[12] This is because, although the State raised the issue of untimeliness in its Answer/Return of Writ, it did so without sufficiently specific analysis.  *See, e.g.,* Doc. No. 24 at  17 ("*It is possible* that [Petitioner's] federal habeas petition is beyond the one-year statute of limitations.") (emphasis added).  Nor did the State address whether the fact that Petitioner has filed at least one state court habeas petition tolled his statute of limitations and, if so, to what extent.  Accordingly, the State has not met its burden of demonstrating that the statute has run.  *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

24

**VII. Conclusion**

For the reasons given above, it is recommended that: (1) to the extent that Petitioner challenges convictions other than his 2010 conviction for attempted escape, Petitioner's second, third, fifth, seventh, ninth, tenth, twelfth, thirteenth and eighteenth grounds for relief should be dismissed without prejudice to his filing separate § 2254 petitions challenging those convictions; (2) to the extent that Petitioner challenges state officials' calculation of his remaining terms of parole and indefinite sentences after each of his prior convictions, Petitioner's second, third, fifth, seventh, ninth, tenth, eleventh, twelfth, thirteenth and eighteenth grounds for relief should be dismissed with prejudice as not cognizable on habeas review; (3) Petitioner's first, sixth, fourteenth and fifteenth grounds for relief should be dismissed with prejudice as not cognizable on habeas review because they allege errors of state law related to his 2010 conviction for attempted escape; (4) Petitioner's eighth and sixteenth grounds for relief should be dismissed as without merit; and (5) Petitioner's motions: (a) for an evidentiary hearing (doc. no. 26); (b) to amend his motion for an evidentiary hearing (doc. no. 28); (c) to supplement the record (doc. no. 29); and (d) for leave to expand the record and for discovery (doc. no. 35) should all be denied.


Date: April 10, 2014                        */s/ Nancy A. Vecchiarelli*
                                            United States Magistrate Judge

25

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters, 638 F.2d 947 (6th Cir. 1981).  See also Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111*.

**Appendix**

Petitioner raised the following grounds for relief in his § 2254 petition (grammar and punctuation as in original):

I.     Petitioner's state court judgment is void for lack of subject matter jurisdiction violates the substantive and procedural due process clauses, 5th, 14 Amendments U.S.C.A.

II.    His 5th, 14th Amends U.S.C.A. Double Jeopardy rights violated.

III.   His Ex Post Facto rights via U.S.C.A. Const. Art. 1, § 10, cl. 1 denied.

IV.    [Petitioner withdrew this ground for relief in his Traverse.  (Doc. No. 25 at 13.).]

V.     Cruel and unusual punishment 8th Amend. U.S.C.A. violations.

VI.    Petitioner substantive and procedural due process denials 5th, 14th U.S.C.A.

VII.   His protected liberty violations 5th, 14th Amends. U.S.C.A.

VIII.  Actual innocence via *Bousley v. United States*, 527 U.S. 614, 623.

IX.    Petitioner's terms of parole were void for vagueness, 5th,14th, Amends. U.S.C.A.

X.     Petitioners parole has never been revoked his imprisonment violates *Morrisey v. Brewer*, 407 U.S. 471.

XI.    Petitioner's waiver of rights to *Kellog v. Shoemaker*, ___ F.3d ___ revocation hearing or right to counsel was not voluntary, knowing, or intelligent.

XII.   Petitioner's release has not been revoked within a

-i-

reasonable time he's denied his fundamental right to liberty without due process of equal protection of law 5th, 14th Amends. U.S.C.A.

XIII.   Respondents lost jurisdiction over Petitioner's supervision, imprisonment violates his fundamental rights to due process and equal protection via 5th, 14th Amendments United States Constitution.

XIV.   The common pleas court judge abused his discretion by denying petitioner's motion to withdraw guilty plea without evidentiary hearing and thereby denied Appellant's fundamental right to liberty without procedural and substantive due process via the 5th, 14th Amendments United States Constitution of America.

XV.    Petitioner as indigent was denied state court records for appeal at state expense or substitute which denied his right to be heard on appeal violating his fundamental rights to due process and equal protection guaranteed via 5th, 14th Amends. U.S.C.A.

XVI.   The Petitioner was denied his fundamental rights to appeal, appellate counsel and transcripts at the state's expense by the state officials where he's indigent and not advised of these constitutional right violating his 5th, 6th, 14th Amends. U.S.C.A. guarantees see *State v. Hunter*, (2010), (Ohio App. 8 Dist.), 210 Ohio 657 Quoting *Wolfe v. Randle*, (S.D.Ohio 2003), 267 F. Supp. 2d 743.

XVII.  [Petitioner did not include a seventeenth ground for relief in his § 2254 petition.]

XVIII. Where Petitioner has been released on parole and recommitted to serve new conviction and parole is never revoked or declared violated after expiration of new sentence continued imprisonment violates due process and equal protection under the 5th and 14th Amends. U.S.C.A. constituting cruel and unusual punishment via 8th Amend. U.S.C.A.

(Doc. No. 26.)