**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Theodore Jackson, | ) | **CASE NO. 1:13 CV 1326** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| Brigham Sloane, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

**Introduction**

This matter is before the Court upon the Report and Recommendation of Magistrate

Judge Vecchiarelli (Doc. 39), recommending denial and dismissal of the Petition of Habeas

Corpus pending before the Court (Doc. 1).  Respondent filed objections to the Report and

Recommendation, as did Petitioner.  For the following reasons, the Report and

Recommendation is ACCEPTED.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District

Courts provides: "The judge must determine *de novo* any proposed finding or

recommendation to which objection is made.  The judge may accept, reject, or modify any

1

proposed finding or recommendation." When no objections to a report and recommendation are made, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *See* Advisory Committee Notes 1983 Addition to Federal Rule of Civil Procedure 72.

**Facts**

The background facts and procedural history are more fully set forth by the Magistrate Judge in the Report and Recommendation. Petitioner has a lengthy criminal history with convictions dating back to the late 1970s which resulted in sentences that included terms of parole or supervised release. In June 2009, Petitioner's parole officer filed a case of information form alleging that Petitioner had violated his parole by failing to appear at a hearing. Petitioner was subsequently indicted on a charge of escape. In March 2010, Petitioner pled guilty to attempted escape for which he was sentenced to 16 months of community control. In July 2010, Petitioner's community control was revoked after he violated its terms. Thereafter, Petitioner was sentenced to one year of incarceration and three years of post release control. However, after his incarceration, Petitioner was not placed on post release control but instead on parole supervision due to his prior offenses. According to a letter from the Ohio Department of Rehabilitation and Correction ("DRC"), Petitioner has been released to parole supervision on multiple occasions and, while on parole, the "maximum portion of his sentence [was] running." (Doc. No. 24-1 at Ex. 39). However, each time Petitioner has been released on parole, he eventually has been declared a parole violator at large, which causes the running of each of his maximum sentences to stop, requiring Petitioner to serve the remaining time of his maximum sentences once he returns to DRC

custody. (*Id.*)  The letter reflects that, as a result of Petitioner's indefinite sentences and numerous subsequent parole violations, the maximum expiration of his sentences is currently August 27, 2039.

Petitioner filed the instant Petition with this Court on June 14, 2013.  The Petition contains fifteen grounds for relief.[1]   The gist of Petitioner's claims is that he was not validly under parole supervision or supervised release in 2009 and, consequently, he could not be guilty of escape.  Petitioner acknowledges that he was convicted in 1978 in two state court cases and sentenced to indefinite terms of imprisonment of one to five years and four to twenty-five years.  Petitioner also admits that he was convicted in at least three other state court cases in 1981, 1988, and 2001.  However, Petitioner argues that the judgment entries in these three cases are void and consequently these sentences did not serve to stop or toll the parole granted in his 1978 cases, the maximum sentence of which expired "on or about Dec. 13, 2002." (Doc. 1 at 21).  Petitioner also makes allegations related to his December 2009 arrest and 2010 conviction for attempted escape.

**Discussion**

**1. Habeas Petition**

In the Report and Recommendation, the Magistrate Judge determined that Respondent had failed to meet its burden of demonstrating that the AEDPA statute of limitations had run. Respondent objects to this determination.

---

[1]     The grounds for relief in the Petition are numbered I through XVIII. However, Petitioner withdrew Grounds Three and Four. (Doc. 39 p. 10; Doc. 42 p. 3). Although Petitioner maintains that there is a Ground Seventeen in the Petition, neither the Respondent, the Magistrate Judge, nor the Court can locate it.  The Court will refer to the grounds by the numbers originally designated by Petitioner.

Upon review, the Court agrees with the Magistrate Judge.[2]  Respondent's Return of

Writ indicates that Petitioner's sentence was imposed on May 3, 2010 and that Petitioner did

not present a direct appeal.  On April 13, 2012, Petitioner filed a motion for leave to file a

delayed appeal with the state court of appeals, which the court of appeals rejected, noting that

it was filed almost two years late.  Respondent argues that "[t]he only logical basis to use to

compute beginning of the statute of limitations is 28 U.S.C. §2244(d)(1)(A), to wit: the date

on which the judgment became final (in this case 30 days after sentencing) by the expiration

of the time for seeking direct review." (Doc. 24 p. 21).  Respondent acknowledges that

Petitioner "may be able to demonstrate statutory tolling under 28 U.S.C. §2244(d)(2)" if he

filed state court pleadings pertinent to his conviction for attempted escape. (Doc. 24 p. 22).

However, Respondent was not aware of any pleadings pertinent to Petitioner's conviction for

attempted escape.  Noting that generally writs of mandamus or motions to obtain transcripts

do not toll the statute of limitations, Respondent specifically argued that "attacking the Ohio

parole board for a failure to release Jackson, or similar pleadings, would not toll the statute of

limitations because [they are] not directed at the pertinent conviction." (Doc. 24 p. 23).

Respondent concluded: "Thus Jackson's federal habeas petition may be barred by the one-

year statute of limitations in 28 U.S.C. §2244(d)[.]" (Doc. 24 p. 23).  The Magistrate Judge

---

[2]      Petitioner filed a Motion to Supplement the Record (Doc. 29), arguing that the
        documents he sought to include, his state habeas petition and the decision
        dismissing that petition, were necessary to respond to the State's argument that
        his claims were untimely and procedurally defaulted.  The Magistrate Judge
        recommended that this motion be denied because she did not rely on the State's
        argument of untimeliness to dispose of Petitioner's claims. Because the Court
        agrees with the Magistrate Judge and does not rely on an untimeliness argument
        to resolve the Petition, Petitioner's Motion to Supplement the Record (Doc. 29) is
        DENIED.

found, and this Court agrees, Respondent did not meet its burden of establishing that the statute of limitations had run because of the nature of Respondent's arguments as well as the fact that Respondent did not address whether Petitioner's pursuit of habeas relief in state court had tolled the AEDPA statue of limitations.

The Magistrate Judge also determined that Respondent had not met its burden of demonstrating that the Petitioner's grounds were procedurally defaulted, to which Respondent also objects.  However, the Court again agrees with the Magistrate Judge.  While positing that Respondent's insufficient analysis on the issues of procedural default and exhaustion was the result of the confusing and repetitious nature of Petitioner's claims, the Magistrate Judge noted that Respondent must nevertheless engage in a specific analysis on these issues for each ground.  Respondent failed to do so and fails to meet its burden of establishing these affirmative defenses to the Petition.

Petitioner objects that the Magistrate Judge erred by considering defenses on the merits of his Petition, arguing that Respondent waived them.  The Court rejects this argument. Respondent clearly raised a number of arguments about the non-cognizability of Petitioner's grounds in the Return of Writ. (Doc. 24 p. 27-32).  The Court finds that it can consider defenses to the merits of the Petition.  Except with reference to Ground One, it does not appear that Petitioner has offered any objection to Magistrate Judge's determination on the merits in either his objections to the Report and Recommendation (Doc. 42) or his amendment thereto (Doc. 43).[3]  Consequently, the Court reviews the bulk of the Magistrate

---

[3]     Petitioner's arguments are difficult to follow.  As he is acting *pro se*, the Court has endeavored to read his objections broadly.

Judge's recommendations for clear error.

The Magistrate Judge first recommended that Grounds Two, Five, Seven, Nine, Ten, Twelve, Thirteen, and Eighteen should be dismissed without prejudice to Petitioner's filing separate § 2254 petitions to the extent that these grounds challenge convictions other than his 2010 conviction for attempted escape.  Petitioner objects to the Magistrate Judge's reading of these grounds, asserting that they only challenge the judgment in his 2010 attempted escape conviction.  After reviewing the Petition, the Court agrees with the Magistrate Judge that these grounds can be seen to challenge convictions other than the 2010 conviction for attempted escape.  Accordingly, these grounds are dismissed without prejudice to refiling pursuant to Rule 2(e) of the Rules Governing Section 2254 cases.[4]

Next, the Magistrate Judge determined that, as they relate to the conviction for attempted escape,  Grounds Two, Five, Seven, Nine, Ten, Eleven, Twelve, Thirteen, and Eighteen raise issues of state law that are not cognizable on habeas review.  After review, the Court agrees.  In sum, these grounds challenge the state's computation of the length of Petitioner's parole and indefinite terms of imprisonment sentences under Ohio law.  However, a perceived error of state law is not a basis for federal habeas relief. *Pulley v. Harris*, 465 U.S. 37, 41 (1984).  Petitioner also challenges the voluntariness of his waiver of a parole revocation hearing.  However, as the Magistrate Judge notes, this is not related to Petitioner's 2010 conviction that is the subject of the Petition.  Petitioner has not offered any objection to these determinations.  The Court adopts the Magistrate Judge's recommendation and Grounds

---

[4]     The Court, like the Magistrate Judge, cautions Petitioner that this dismissal without prejudice does not constitute a determination that a § 2254 challenge on these bases is timely or that these grounds are properly exhausted or cognizable.

Two, Five, Seven, Nine, Ten, Eleven, Twelve, Thirteen, and Eighteen are dismissed.

The Magistrate Judge next considered Grounds One, Six, Fourteen, and Fifteen and recommended that they be dismissed for raising non-cognizable issues.  Petitioner appears to object to the finding as to Ground One, arguing that his earlier sentence was expired so he could not be guilty of escape.[5]   Ground One challenges the trial court's subject matter jurisdiction.  The Magistrate Judge determined it was meritless because subject matter jurisdiction does not depend on whether or not Petitioner was innocent of attempted escape. The Magistrate Judge dismissed Ground Six, which similarly challenges the trial court's subject matter jurisdiction, for this same reason.  Petitioner's position to the contrary, the Court agrees with the Magistrate Judge that these grounds raise issues of the state court's determination of its own jurisdiction, which is an issue of state law.  As such, it is not cognizable on federal habeas review.

Ground Fourteen alleges that the state trial court abused its discretion in denying Petitioner's motion to withdraw his guilty plea without a hearing.  The Magistrate Judge determined that Petitioner had failed to explain how this rises to the level of a constitutional error.  The Magistrate Judge found that Ground Fifteen did not assert a constitutional violation because Petitioner failed to point to any authority holding that he has a right to a transcript from prior criminal proceedings to support a request to withdraw a guilty plea.

---

[5]     See Doc. 42 p. 4-5 ("Mr. Jackson's one year parole . . . expired while Petitioner served five year (PRC) post release control by law, so Mag. Judge abused discretion/ in clear error failed to rule on this exhausted habeas Corpus Ground one[.]") (grammar and punctuation original); Doc. 43 (objecting to the applicability of *Willis v. Egler*, 532 F.2d 1058, 1059 (6th Cir. 1976) and the Magistrate Judge's discounting of Petitioner's evidence on subject matter jurisdiction).

After review, the Court agrees with the Magistrate Judge and these grounds are dismissed.

In Ground Eight, Petitioner contends that he is innocent of the offense of attempted escape.   The Magistrate Judge recommended dismissal of this ground because the argument depends upon Petitioner's assertion that he was not under parole supervision in 2009 when he failed to appear at a violation hearing.  The state appellate court considered this argument and determined that Petitioner was under parole supervision because he had been released from an indefinite term of imprisonment. *See State v. Jackson*, 2012 Wl 6512968 (Ohio Ct. App. Dec. 13, 2012).  The Magistrate Judge concluded that the evidence presented by Petitioner was insufficient to undermine the state court's determination and did not meet the "extraordinarily high" standard for actual innocence.  The Court agrees and dismisses Ground Eight.

Finally, the Magistrate Judge recommended the dismissal of Ground Sixteen, in which Petitioner contends that he was deprived of his right to appeal because the trial court in 2010 failed to advise Petitioner of his right to appeal with the assistance of counsel.  As the Magistrate Judge correctly noted, there is no violation of fundamental rights where a defendant is aware of his right to appeal.  *See Peguero v. United Staets*, 526 U.S. 23, 24 (1999).  Petitioner exercised his right to appeal, with the assistance of counsel, on at least two occasions prior to his 2010 conviction.  Consequently, Ground Sixteen is dismissed.

### 2. Other Motions

The Magistrate Judge also recommended that the Court deny Petitioner's Motion for an Evidentiary Hearing (Doc. 26), Motion to Amend the Motion for an Evidentiary Hearing (Doc. 28), and the Motion for Leave and for Discovery, Expansion, and Verification of the Record (Doc. 33).  The Magistrate Judge determined that these motions lacked merit because

they sought the admission of evidence related to issues not cognizable on habeas review.

Upon review, the Court agrees with the Magistrate Judge's determination.  Consequently, the

motions are denied.

After the Magistrate Judge issued the Report and Recommendation, Petitioner filed a

Motion to Compel Respondent[s] to Comply with this Federal Court's Order to Produce all

Trial Court Records (Doc. 48) and a Motion for Evidentiary Hearing (Doc. 50).  Respondent

objected to these motions, construing them as a motion to expand the record.  After review,

the Court finds that Petitioner's motions in Docs. 48 and 50 restate arguments presented in

Docs. 26, 28, and 33.  As the Court has adopted the Magistrate Judge's recommendation to

deny these motions as meritless, the motions (Docs. 48 and 50) are likewise denied.

Petitioner also moves this Court to take judicial notice of defects in the page count

cited by Petitioner for all documents before Doc. 49, alerting the Court it should add or

subtract three pages where the civil docket was cited.  The Court took notice of these defects

when reviewing Petitioner's motions and this motion (Doc. 54) is granted.  However, this

does not change the result that Petitioner's grounds are either non-cognizable or unpersuasive.

Finally, Petitioner also filed a Motion for Leave to Amend and Amendment of

28:2254 Petition with Consent of the Government or Leave of this United States Court (Doc.

58).  Although leave to amend shall be freely given under Fed.R.Civ.P. 15(a), the Court may

deny leave to amend based on undue delay, bad faith, dilatory motives, undue prejudice, and

futility of amendment.  This motion comes after the Magistrate Judge issued the Report and

Recommendation and after Petitioner filed his objections to the report.   It appears that the

information upon which Petitioner bases this motion was turned over by Respondent to

Petitioner prior to the issuance of the Report and Recommendation.  Petitioner unduly delayed in moving for leave to amend and the motion is denied.

### Conclusion

For all of the reasons stated above, the Report and Recommendation is ACCEPTED. The Petition for Writ of Habeas Corpus is DISMISSED.   Petitioner's Motion for Judicial Notice of Defect in the Record Page Count (Doc. 54) is GRANTED.  Petitioner's Motion for Evidentiary Hearing (Doc. 26), Motion for Leave to Amend and Amendment of Motion for Evidentiary Hearing (Doc. 28), Motion for Leave and to Supplement the Record (Doc. 29), Motion for Leave and for Discovery (Doc. 33), Motion for Court Order to Compel Respondents to Comply with this Court's Order to Produce (Doc. 48), Motion for Evidentiary Hearing, and or Discovery, Expansion, and Verification of the Record (Doc. 50), and Motion for Leave to Amend and Amendment of 28:2254 (Doc. 58) are DENIED.  Furthermore, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealablity. 28 U.S.C. 2253(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 9/10/14